**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DEVERICK SCOTT
ADC #131042                                                                                          PLAINTIFF

V.                                        2:07CV00111 WRW/JTR

LARRY B. NORRIS, Director,
Arkansas Department of Correction, et al.                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the
        United States District Judge was not offered at the hearing before the

      Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

      Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## I. Discussion

Plaintiff, who is currently incarcerated at the Varner Unit of the Arkansas Department of Correction, has filed a voluminous and confusing *pro se* § 1983 Complaint alleging that his constitutional rights were violated during the course of several years, while he was incarcerated at the East Arkansas Regional Unit ("EARU") and the Varner Super Max Unit ("VSM"). *See* docket entry #2. The Complaint is sixty single-spaced and handwritten pages in length and contains sixteen factually and legally distinct "counts" or claims (including numerous subparts) against sixty-three separate Defendants. *Id.* Plaintiff has attached hundreds of pages of exhibits to his Complaint, and he has requested a jury trial.[1]

---

[1] The Court wishes to explain to Plaintiff that it is no longer necessary for prisoners to attach proof of complete exhaustion to their complaints, because exhaustion is an affirmative defense that must be pled and proved by the defendants. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005). Additionally, when screening a Complaint pursuant to 28 U.S.C. § 1915A, the Court must accept all of Plaintiff's allegations to be true *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, there is no need for Plaintiff to attach exhibits to his Complaint. Instead, Plaintiff should provide

The Complaint is in clear violation of Fed. R. Civ. P. 8(a) and (e), which specifies that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct." *See also Trobaugh v. Hyatt*, Case No. 04-2243, 2005 WL 775396 (8th Cir. April 7, 2005) (unpublished opinion) (explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a) and (e)); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for failing to comply with Fed. R. Civ. P. 8).

Additionally, Plaintiff cannot defeat the filing fee requirements set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, by joining in one lawsuit a multitude of <u>unrelated</u> and legally <u>distinct</u> claims involving different Defendants, time periods, and Units. Given the complex and confusing nature of Plaintiff's unrelated claims, the Court cannot complete the screening process mandated by 28 U.S.C. § 1915A, nor will it be possible for the parties to complete discovery, file appropriate motions, or present this case to a jury in a coherent manner.

Accordingly, the Court recommends that this case be dismissed, without prejudice, so that Plaintiff may bring his various claims in <u>separate</u> actions. Specifically, Plaintiff should refile <u>several separate</u> Complaints (and accompanying *In Forma Pauperis* Applications) that <u>each</u> raise a few factually and legally <u>related</u> claims and that otherwise comply with Fed. R. Civ. P. 8.[2] It is generally

---

exhibits <u>only</u> when necessary to support appropriate motions or responses thereto. Accordingly, the Court <u>will</u> direct the Clerk to return Plaintiff's exhibits to him without filing them in the record.

[2] For instance, Plaintiff might want to file: (1) one Complaint raising the various Eighth Amendment and other constitutional violations he allegedly suffered while being held in the isolation areas at the EARU on August 14, 2006, September 2, 2006, and October 4, 2006; (2) a second Complaint raising the various First Amendment and other constitutional violations he allegedly

the practice in this District to grant an *In Forma Pauperis* Application, and assess an initial partial filing fee, <u>before</u> dismissing a prisoner's § 1983 action.  However, the Court believes it would be more equitable in this case to deny the *In Forma Pauperis* Application as moot and allow Plaintiff to start anew by filing several separate Complaints (and *In Forma Pauperis* Applications) that comply with Fed. R. Civ. P. 8.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Complaint (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, for failing to comply with Fed. R. Civ. P. 8.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), than an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

3. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) and Motion for Appointment of Counsel[3] (docket entry #3) be DENIED, AS MOOT.

4. The Clerk be directed to return Plaintiff's numerous exhibits to him without filing them in the record.

Dated this 29th day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

suffered as a result of not being given his 48-hour relief period after being confined in punitive isolation for extended periods of time in the EARU in August and September of 2006; (3) a third Complaint challenging the denial of his due process and other constitutional rights during the disciplinary hearings that occurred at the EARU; and (4) the excessive force he was subjected to at the VSM, and so on.

[3] Although Plaintiff labeled the pleading as a Motion for Appointment of Counsel, it appears to be a request for service upon Defendants.